**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**LATONYA EASON,** *Individually and on Behalf of her
Minor Son, Q.E.* **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:24-cv-49-MPM-JMV**

**CITY OF SENATOBIA et al.** **DEFENDANTS**

## ORDER GRANTING MOTION TO RESTRICT

This matter is before the court on Defendants' motion to restrict [Doc. No. 16] filed on May 31, 2024. In their motion, the defendants seek to restrict from public access[1] two body camera footage videos related to the instant case and their motion for judgment on the pleadings, or alternatively for summary judgment [Doc. No. 18]. The body cam videos were submitted to the Magistrate Judge's chambers for *in camera* review, and the motion is fully briefed. Upon review of the videos and the parties' briefing, as well as the applicable law, the undersigned finds the motion is hereby GRANTED as explained hereafter.

The plaintiff, Q.E., a ten-year-old boy at the time of the alleged incident, was observed urinating outside of his mother's car by a Senatobia Police Department officer. LaTonya Eason ("Eason"), Q.E.'s mother and the other plaintiff in this cause, had gone inside a law firm building and was informed by the officer when she returned to the car. The officer reprimanded Eason, who, in turn, reprimanded Q.E.

---

[1] As Defendants note in their reply brief [Doc. No. 26], they asked in their opening brief in support of their motion [Doc. No. 17] for the videos to be sealed; however, upon clarification, the request is restricting public access, not sealing.

Lieutenant Zachary Jenkins then arrived on scene, whereupon he determined that Q.E. should be cited for child in need of supervision under Miss. Code § 43-21-105(k). Q.E. was transported to the Senatobia Police Department in a patrol car by an officer, with Eason following in her own car. At the station, Q.E. was questioned while sitting in a holding cell with the door open until Lieutenant Jenkins arrived and removed Q.E. from the holding cell. The child was led to a hallway, and then to a conference room. Eason arrived a few minutes later and spoke separately with the police.

Since the filing of this action, the plaintiff LaTonya Eason, Q.E., and their counsel have appeared in numerous articles, including nationwide print, and in various video interviews.

The defendants have filed a motion for judgment on the pleadings, or alternatively for summary judgment [Doc. No. 18] and have proffered two body camera footage videos – the subject of the instant motion – as exhibits to the motion, but have moved for leave to file them under seal,[2] at minimum for the duration of the litigation. The defendants argue that these videos should be restricted because of the sensitive information concerning the minor child and concerns about confidentiality related to the youth court proceeding involving Q.E. In response, the plaintiffs oppose restricting the videos because Q.E. has already been publicly identified and much of the information is publicly available. Plaintiffs further argue that the presumption of public access to court documents has not been overcome here.

## APPLICABLE LAW

Fundamentally "[j]udicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021).

---

[2] As previously noted, despite the use of the term seal in the motion to restrict and corresponding memorandum, the defendants are seeking to restrict the videos from public access.

Therefore, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978). The Fifth Circuit Court of Appeals requires "a working presumption … that judicial records should not be sealed." *June Med. Servs., L.L.C., v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022). The courts should exercise their discretion to seal judicial records "charily." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845 (5th Cir. 1993). A court that considers sealing such records abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing." *Binh Hoa Le*, 990 F.3d at 419 (quoting *Van Waeyenberghe*, 990 F.2d at 849).

Maintaining the public's right to access court records promotes "trustworthiness of the judicial process, … curb[s] judicial abuses, and … provide[s] the public with a more complete understanding of the judicial system, including a better perception of its fairness." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)). Because of these interests, courts "heavily disfavor sealing information placed in the judicial record. *June Med. Servs.*, 22 F.4th at 520-21 (citing *Vantage Health Plan, Inc., v. Willis-Knighton Medical Center*, 913 F.3d 433, 450–51 (5th Cir. 2019)).

However, the public right to access is not absolute. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. The courts must balance the public's common law right of access against the private interests favoring nondisclosure. Moreover, the Federal Rules of Civil Procedure and case law provide special protections for minors involved in litigation. Likewise, Mississippi statutes indicate a strong public policy favoring maintaining

confidentiality of minor's sensitive records. Though its statutes governing youth court records are not directly applicable, these statutes strictly limit access to court records involving minors to protect their privacy. Miss. Code Ann. § 43-21-105 (u)(iii) and 43-21-261 (5)(c). "Courts have recognized that the privacy of children may constitute a compelling interest that outweighs the presumption in favor of public access. *Jaufre ex rel. Jaufre v. Taylor*, 351 F.Supp. 2d 514, 516-17 (E.D. La. 2005) (citing *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) ("When there is a compelling interest in secrecy, as in the case of ... the privacy of children, portions and in extreme cases the entirety of a trial record can be sealed ....")).

This court must therefore carefully balance the interest in the minor's privacy against the competing interests of the public in maintaining access to judicial records.

## ANALYSIS

### I. Reasons Offered in Favor of Disclosure

Because the defendants are asking the court to restrict from public view an exhibit to their dispositive motion, the standard is stringent.

> [A]t the adjudicative stage, when materials enter the court record, the standard for shielding records from public view is far more arduous." Id. Sealing judicial records and blocking public access require a "stricter balancing test." Id. at 419 [quoting Binh Hoa Le, 990 F.3d at 419]. "To decide whether something should be sealed, the court must undertake a " 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'

*June Med. Servs.*, 22 F.4th at 521.

In cases like this one where the subject matter involves allegations of serious misconduct by public officials or parties of a public nature and matters of legitimate public concern, there is a greater importance in allowing disclosure. This case has already been the subject of much

local, state, and national attention. Accordingly, there is value in the public being able to see how the events played out through the footage, rather than through the parties' competing descriptions of the events giving rise to this litigation.

Also, as part of the publicity surrounding this cause, Q.E.'s name and depiction have already been publicly revealed through various media outlets and other online sources.

## II. Reasons Offered for Withholding Disclosure and the Court's Findings

Notwithstanding the foregoing the defendants argues – and the court finds most persuasive – that the countervailing interests of the minor predominate and favor non-disclosure.

Having reviewed the video *in camera*, the court finds concerns for the tender age of the minor at issue and under the circumstances here. Exposing a 10-year-old child held in a cell to viewing by the public at large unreasonably invites potential predatory behavior and unforeseen emotional consequences to the child. Indeed, Q.E., as a minor, lacks the capacity to waive his right to privacy or assess the impact of the release of the videos on his life, now and in the future.

The videos also contain depictions of Eason's other minor children, who are not the subject of the present litigation. Rule 5.2 of the Federal Rules of Civil Procedure prohibits the public identification of any minor in any pleadings or filings before the court, except by initials. *See* Fed. R. Civ. P. 5.2(a); *see also Murry v. City of Indianola, Miss.*, 2023 WL 8655261, at *3 (N.D. Miss. Dec. 14, 2023). While the children's names and/or other identifying information are not disclosed in the body cam footage, the premise of the rule – safeguarding minor children – still holds. There is nothing to be gained by publicly revealing footage containing these minor children, and restricting access ensures that these children's privacy is respected. Also, with

respect to Q.E. himself, the video contains other identifiable information of Q.E. beyond his name, image, and likeness, such as Q.E.'s residence, school, and birthday.

Lastly, exposing the video to public viewing could potentially affect the seating of an impartial jury at the trial of this case.

In conclusion, the court finds that restricting the videos is the only reasonable means to protect the interests of these minor children.

## CONCLUSION

It is therefore ordered that the motion to restrict is hereby GRANTED. Defendants are hereby directed, within one (1) business day of this order, to provide copies of the video exhibits to the Clerk of Court by following Section VI(A)(1) of the Administrative Procedures for Electronic Case Filing, which can be found on the official website for The United States District Court for the Northern District of Mississippi. The Clerk's Office is directed to restrict these videos from public access in accordance with this order.

SO ORDERED, this the 27th day of June, 2024.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**